F# 2013R01261 OCDETF No. WG-CR-21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

JORGE HUMBERTO ESPITIA ARCINIEGAS,
     also known as "El Viejo,"
     "El Tio" and "Bolichito,"
CARLOS ANDRES ESPITIA GARCIA
     also known as "Charli"
     and "Sobrino,"
PAUL EUGENE SESSOMES,
     also known as "La Paula" and
     "La Negra," and
MARLENY AMPARO TORRES
     also known as "La Flaca,"

            Defendants.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No.

(T. 18, U.S.C., §§ 982,
1956(a)(1)(B)(i), 1956(h),
2 and 3551 et seq.)

CR 13 461

MATSUMOTO, J.

AZRACK, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Launder Monetary Instruments)

     1.  In or about and between January 2006 and December
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants JORGE
HUMBERTO ESPITIA ARCINIEGAS, also known as "El Viejo," "El Tio"
and "Bolichito," CARLOS ANDERS ESPITIA GARCIA, also known as
"Charli," and "Sobrino," PAUL EUGENE SESSOMES also known as "La
Paula" and "La Negra," and MARLENY AMPARO TORRES, also known as
"La Flaca" together with others, did knowingly and intentionally
conspire to conduct financial transactions in and affecting

interstate and foreign commerce, to wit: the transfer of funds
and deposits of United States currency into bank accounts, which
transactions in fact involved the proceeds of specified unlawful
activity, to wit: narcotics trafficking, in violation of Title
21, United States Code, Sections 841(a)(1), 846, 952, 959 and
963, knowing that the property involved in the financial
transactions represented the proceeds of some form of unlawful
activity and knowing that the financial transactions were
designed in whole and in part to conceal and disguise the nature,
the location, the source, the ownership and the control of the
proceeds of the specified unlawful activity, contrary to Title
18, United States Code, Section 1956(a)(1)(B)(i).

   (Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

### COUNT TWO
(Laundering of Monetary Instruments)

   2.   On or about August 3, 2008, within the Eastern
District of New York and elsewhere, the defendants JORGE HUMBERTO
ESPITIA ARCINIEGAS, also known as "El Viejo," "El Tio" and
"Bolichito," CARLOS ANDRES ESPITIA GARCIA, also known as "Charli"
and "Sobrino," PAUL EUGENE SESSOMES, also known as "La Negra" and
"La Paula," and MARLENY AMPARO TORRES, also known as "La Flaca,"
together with others, did knowingly and intentionally conduct and
attempt to conduct a financial transaction in and affecting
interstate and foreign commerce, to wit: the delivery and

2

transfer of $300,000 of United States currency, which transaction

in fact involved the proceeds of specified unlawful activity, to

wit: narcotics trafficking, in violation of Title 21, United

States Code, Sections 841(a)(1), 846, 952, 959 and 963, knowing

that the property involved in the financial transaction

represented the proceeds of some form of unlawful activity and

knowing that the financial transaction was designed in whole and

in part to conceal and disguise the nature, the location, the

source, the ownership and the control of the proceeds of the

specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2

and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

3.    The United States hereby gives notice to the

defendants that, upon their conviction either of the offenses

charged in this Indictment, the government will seek forfeiture

in accordance with Title 18, United States Code, Section

982(a)(1), of all property involved in each offense of conviction

and all property traceable to such property.

4.    If any of the above-described forfeitable

property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due

diligence;

3

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

_____
ARTHUR G. WYATT, CHIEF
NARCOTIC AND DANGEROUS DRUG
SECTION, CRIMINAL DIVISION
UNITED STATES DEPARTMENT OF
JUSTICE

4

F. #2006R01537

FORM DBD-34

JUN. 85

*No.*

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*JORGE HUMBERTO ESPITIA ARCINIEGAS, et al.,*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 1956(a)(1)(B)(i), and 2; 1956(h) and 3551 et seq.)

*A true bill.*

_____

*Foreman*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _

**Stephen M. May, Trial Attorney, Dept. of Justice (202-514-1373)**